UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| ROSCO BINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:20-CV-185-HAI |
| v. ) | |
| ) | MEMORANDUM OPINION & ORDER |
| ANDREW SAUL, *Commissioner of Social* ) | |
| *Security*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On January 24, 2018, Plaintiff Rosco Bingham filed a protective Title XVI application for supplemental security income alleging disability beginning June 1, 2008. *See* D.E. 17-1 at 15.[1] The Social Security Administration denied Bingham's claims initially and upon reconsideration. *Id*. On August 14, 2019, Administrative Law Judge ("ALJ") Joyce Francis conducted an administrative hearing. *Id*. The ALJ heard testimony from Bingham and impartial vocational expert ("VE") Jackie B. Rogers. *Id*.

Bingham was a younger individual (44) at the time he alleges he became disabled in 2008, an individual who was closely approaching advanced age (54) at the time he filed his application in 2018, and a person of advanced age (55) at the time of the ALJ's decision. *See* D.E. 17-1 at 22; D.E. 21 at 2 n.1; 20 C.F.R. § 416.963(c)-(e). He completed tenth grade (D.E. 17-1 at 188) and his previous employment consisted of operating heavy construction equipment as part of Hurricane Katrina cleanup in 2005-2008 (*id*. at 188, 203-04).

---

[1] References to the administrative record are to the large black page numbers at the bottom of each page.

The ALJ found Bingham suffers the severe impairments of "degenerative disc disease, chronic obstructive pulmonary disease, and hepatitis C with liver cirrhosis." D.E. 17-1 at 17. However, these impairments were not severe enough to meet or medically equal a listed impairment. *Id*. at 18. The ALJ found that Bingham can perform "medium work" with certain limitations. *Id*. at 18-9. The VE testified, and the ALJ found that, given his residual functional capacity, Bingham could return to his past relevant work. *Id*. at 21-22. Alternatively, there were other jobs in significant numbers in the national economy that Bingham could perform. *Id*. at 22-23. D.E. 17-1 at 20. The ALJ thus found that Bingham was not "under a disability" between the alleged onset date and the date of the decision. *Id*. at 23.

Bingham brings this action under 42 U.S.C. §§ 405(g) and 1383(c) to obtain judicial review of the ALJ's decision. This matter was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. D.E. 12. The Court, having reviewed the record and for the reasons stated herein, **DENIES** Plaintiff's motion for summary judgment (D.E. 19) and **GRANTS** the Commissioner's motion for summary judgment (D.E. 21).

### I. The ALJ's Decision

Under 20 C.F.R. §§ 404.1520, 416.920, an ALJ conducts a five-step analysis to evaluate a disability claim.[2] The ALJ followed these procedures in this case. *See* D.E. 17-1 at 15-23.

---

[2] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

At the first step, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). In this case, the ALJ found that Bingham had not engaged in substantial gainful activity since January 24, 2018, the application date. D.E. 17-1 at 17.

At the second step, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). The ALJ found that Bingham experiences the severe impairments of "degenerative disc disease, chronic obstructive pulmonary disease, and hepatitis C with liver cirrhosis." D.E. 17-1 at 17.

At the third step, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, then he is disabled. 20 C.F.R. § 404.1520(d). The ALJ found Bingham failed to meet this standard. D.E. 17-1 at 18. Bingham does not allege his impairments meet or equal a listing. *See* D.E. 19.

If, as here, a claimant is not found disabled at step three, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"), which is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. The ALJ found Bingham had the RFC

> to perform medium work as defined in 20 CFR 416.967(c), except he can frequently climb ramps and stairs; can occasionally climb ladders, ropes, or scaffold; can frequently stoop, kneel, and crouch; can occasionally crawl; can frequently be exposed to extreme heat and extreme cold; can frequently be exposed to dust, odors, fumes, and pulmonary irritants; and cannot work in the food industry.

D.E. 17-1 at 18-19.

So far, so good. Bingham does not object to any of the above analysis. *See* D.E. 19. The disagreement centers on the next step.

At the fourth step, if a claimant's impairments do not prevent him from doing past relevant work (given the ALJ's assessment of his residual functional capacity), he is not disabled. 20 C.F.R. § 404.1520(f). The ALJ found that Bingham "is capable of performing past relevant work as a heavy equipment operator." D.E. 17-1 at 21. This finding meant that Bingham was not disabled.

The ALJ addressed the fifth step, but only in the alternative. At the fifth step, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from doing other work that exists in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g). The ALJ accepted the VE's testimony that Bingham could find work as, for example, a hospital cleaner, laundry worker, or warehouse worker. D.E. 17-1 at 22-23. These findings also meant that Bingham was not disabled.

Accordingly, on October 18, 2019, the ALJ issued an unfavorable decision, finding that Bingham was not disabled, and was therefore ineligible for disability insurance benefits. D.E. 17-1 at 23. The Appeals Council declined to review the ALJ's decision on July 29, 2020. *Id.* at 1-3.

Bingham argues that his heavy equipment work in 2005 did not qualify as past relevant work because (1) the work did not qualify as substantial gainful activity and (2) he did not do the work long enough to achieve average proficiency. D.E. 19 at 5-8. The Commissioner argues in response that Bingham is misconstruing the regulations and the ALJ's decision is supported by substantial evidence. D.E. 21 at 5-10.

## II. Framework for Judicial Review

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment

of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Id.* (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, courts are not to conduct a *de novo* review, resolve conflicts in evidence, or make credibility determinations. *Id.* (citations omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the ALJ's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Mullen*, 800 F.2d at 545; *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

### III. Did Bingham's Work in 2005 Count as Past Relevant Work?

According to Bingham, there are two reasons why his work in 2005 ought not count as past relevant work ("PRW"). PRW is work done within the last 15 years that lasted long enough for the claimant to learn to do it and was substantial gainful activity. 20 C.F.R. § 404.1565.

#### A.

Bingham's first argument is that the work he did in late 2005 did not constitute substantial gainful activity ("SGA") because he did not earn enough money doing it. D.E. 19 at 5. Work is "substantial" when it "involves doing significant physical or mental activities." 20 C.F.R. § 404.1572(a). Work is "gainful" when "it is the kind of work usually done for pay or profit." *Id.* § 404.1572(b). The primary consideration in assessing SGA is the amount of earnings derived from the activity. *Id.* § 404.1574.

On this analysis, Bingham argues that his earnings of $9,109.50 in 2005 were insufficient to support a finding of SGA:

> Due to Plaintiff's varying earnings throughout 2005, the ALJ was required to average Plaintiff's monthly income over the entire 12-month period for 2005 and compare this amount to the Commissioner's guidelines. *See* SSR 83-33 and SSR 83-35.
>
> In averaging Plaintiff's total earnings of $9,019.50 for 2005, Plaintiff's average monthly income is $759 per month. By comparison, based on the Commissioner's guidelines, the monthly SGA amount for 2005 was $830. Given that Plaintiff's average monthly earnings are clearly below the applicable amount, Plaintiff's work activity was not SGA.

D.E. 19 at 6.

Bingham is mistaken that "the ALJ was required to average Plaintiff's monthly income over the entire 12-month period for 2005." D.E. 19 at 6. Instead, "Earnings are generally averaged over the actual period of time in which work was performed." Titles II & XVI:

Averaging of Earnings in Determining Whether Work Is Substantial Gainful Activity, SSR 83-35 (S.S.A. 1983). As this policy statement goes on to explain:

> when an employee's earnings or work activities vary somewhat from month-to-month, it may be necessary to average the "countable earnings" reported over a number of months in order to compare those earnings with the applicable monthly amount in the Earnings Guidelines. Generally, such earnings are to be averaged over the entire period of work requiring evaluation.
>
> . . . .
>
> When the individual worked for a continuous period of time but is no longer working, earnings are to be averaged over the actual period of work involved.

*Id.* The policy statement then provides an example wherein the claimant worked for eight continuous months. "In this example, the 'actual period of work involved' is the 8-month period from January through August. . . . The entire 8 months of earnings are, therefore, averaged." *Id.*

Accordingly, the ALJ's math was correct. As Bingham testified, he continuously operated heavy equipment for hurricane cleanup over the period of September to December 2005. D.E. 17-1 at 35. He earned $6,337.50 working for United Recovery Group during this period.[3] *Id.* at 35, 181. Looking solely at this batch of income, Bingham averaged $1,584.38 over this four-month period. This is well above the 2005 SGA cutoff, which the parties agree was $830 per month. *See* D.E. 19 at 6; D.E. 21 at 6 n.5 & 7. Bingham's argument misconstrues how SGA is calculated. His work for United Recovery Group in late 2005 was SGA.

**B.**

Bingham's second argument is that his heavy-equipment work did not constitute SGA because he did not do the work long enough to obtain average proficiency. PRW contains three elements. PRW is work done within the last 15 years that lasted long enough for the claimant to learn to do it and was substantial gainful activity. 20 C.F.R. § 404.1565. Bingham's second

---

[3] The Commissioner's brief has a typographical error and lists the figure as "$6377.50." D.E. 21 at 7.

argument focuses on the duration element. D.E. 19 at 6-8. This argument does not reduce to a math equation; instead, it is more of a judgment call. The Administration has explained that:

> Duration refers to the length of time during which the person gained job experience. It should have been sufficient for the worker to have learned the techniques, acquired information, and developed the facility needed for average performance in the job situation. The length of time this would take depends on the nature and complexity of the work.

Titles II & XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in Gen., SSR 82-62 (S.S.A. 1982). Bingham argues he did not work long enough as a heavy equipment operator to satisfy this standard. D.E. 19 at 6-8. The ALJ and the parties agree that heavy equipment operation has a specific vocational preparation level ("SVP") of 6. D.E. 19 at 7; D.E. 21 at 6; DICOT 859.683-010, Operating Engineer, 1991 WL 681950.

> Specific Vocational Preparation is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation.
>
> This training may be acquired in a school, work, military, institutional, or vocational environment. It does not include the orientation time required of a fully qualified worker to become accustomed to the special conditions of any new job. Specific vocational training includes: vocational education, apprenticeship training, in-plant training, on-the-job training, and essential experience in other jobs.

Dictionary of Occupational Titles Appendix C: Components of the Definition Trailer, available at https://occupationalinfo.org/appendxc_1.html#II. An SVP of 6 means that adequate preparation takes "[o]ver 1 year up to and including 2 years" to complete. *Id.*

Here, the ALJ reasoned:

> The claimant performed this job for four months in 2005 cleaning up after Hurricane Katrina. This job was performed above substantial gainful activity levels within the past fifteen years. This job has an SVP of 6, which generally takes one to two years to learn. Although this particular job lasted only four months, the claimant testified that he performed the same job off and on for

8

several years. Therefore, it appears that the claimant did perform the job long enough to learn it.

D.E. 17-1 at 21.

Bingham testified at the hearing that he operated heavy equipment for Hurricane Katrina cleanup from 2005 to 2008. D.E. 17-1 at 34. He said "it took about three years" to finish the cleanup work. *Id*. at 36. His employment records are consistent with this testimony. *Id*. at 176, 179, 182.

Bingham alleges two errors here. First, he argues "it is irrelevant whether Plaintiff's work activity after 2005 somehow allowed him to achieve average performance as a heavy equipment operator. The emphasis in this case concerns only Plaintiff's work activity in 2005." D.E. 19 at 7. But this is not the case. While it is true that Bingham's four months of work in 2005 is the work that qualified as SGA, the ALJ is not limited to considering only SGA work when it comes to the durational requirement. The focus is whether the work "lasted long enough for you to learn to do it." 20 C.F.R. § 404.1565. And, as Appendix C, quoted above, makes clear, SVP "may be acquired in a school, work, military, institutional, or vocational environment." SVP includes "vocational education, apprenticeship training, in-plant training, on-the-job training, and essential experience in other jobs." Work does not have to qualify as SGA to contribute to SVP.

Thus, the ALJ was not limited to considering only the four months in 2005 that Bingham worked at SGA levels. The ALJ was free to consider whether Bingham continued to learn the job during his subsequent employment. Whether all of Bingham's work as a heavy equipment operator, combined, was sufficient for him to achieve "average performance" is a judgment call. A reasonable person looking at this record could decide either way. As such, the ALJ's judgment call is not indicative of a lack of substantial evidence.

9

Bingham additionally argues:

> the ALJ's finding that Plaintiff worked "off and on" for several years is in direct contradiction of the Commissioner's own regulations. If an individual has worked only sporadically ("off-and-on") or for brief periods of time during the relevant 15-year period, the work activity does not apply. SSR 82-62; 20 C.F.R. § 404.1565(a); *Lashley v. Secretary of Health and Human Serv.*, 708 F.2d 1048, 1053-1054 (6th Cir. 1983).

D.E. 19 at 7.

Bingham misrepresents the regulations. Policy Statement 82-62 states, "An individual who has worked only sporadically or for brief periods of time during the 15-year period, *may be considered* to have no relevant work experience." Titles II & XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in Gen., SSR 82-62 (S.S.A. 1982) (emphasis added). And Section 404.1565(a) states, "If you have no work experience or worked only 'off-and-on' or for brief periods of time during the 15–year period, we *generally* consider that these do not apply." 20 C.F.R. § 404.1565 (emphasis added). These sources contain permissive language, and as such, require a judgment call. Also, the *Lashley* case is very different from this one. There, the claimant "only attempted to perform the position for three days before quitting." *Lashley*, 708 F.2d at 1053. Bingham, who worked off and on operating heavy machinery over the course of at least three years, is in a very different situation from the *Lashley* claimant. *See* D.E. 17-1 at 174-82. Given the permissive language of the regulations and policy statements, it was not legal error for the ALJ to consider whether Bingham's post-2005 work contributed to SVP.

Again, it is a judgment call as to whether Bingham's periods of employment were so brief or intermittent that he was unable to "have learned the techniques, acquired information, and developed the facility needed for average performance in the job situation." A reasonable person, considering the record in this case, could decide either way. Accordingly, the ALJ's determination is not unsupported by substantial evidence.

## C.

Bingham offers a final argument related to his age:

> Applicable to this case, Medical-Vocational Guideline Rule 203.10 directs a finding of *disabled* for individuals [1] limited to medium exertional work; [2] who are advanced age (ages of 55 to 59); [3] with a limited education; and [4] have no PRW. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 203.10.

D.E. 19 at 8. This argument depends on a finding that Bingham has no PRW. As explained above, the ALJ's determination that Bingham did have PRW is not unsupported by substantial evidence. Granted, another decisionmaker might have reached a different conclusion on this record. But the ALJ's finding that Bingham had PRW is not so unreasonable or contradictory to the record that this Court may overturn it.

## IV. CONCLUSION

The Court being sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's Motion for Summary Judgment (D.E. 19) is **DENIED**.

(2) The Commissioner's Motion for Summary Judgment (D.E. 21) is **GRANTED.**

(3) **JUDGMENT** will be entered in favor of the Commissioner by separate contemporaneous order.

This the 18th day of May, 2021.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge